IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL TERRY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-19-990-D |
| | ) |
| ROGER ELY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Defendants' Motion for Summary Judgment [Doc. No. 36], filed pursuant to Fed. R. Civ. P. 56.[1] Defendants Roger Ely, Vahid Salalati, and Four Horsemen Auto Group, Inc. assert that Plaintiffs cannot establish their remaining claims: 1) breach of a settlement agreement that obligated Defendants to negotiate for a resolution of any dispute with a nonparty lender, Southampton, Ltd.; and 2) breach of a non-disparagement clause in the settlement agreement by Defendant Ely based on statements made in insurance claim forms.[2]

---

[1] Defendants have also moved to impose sanctions for Plaintiffs' failure to comply with the Court's deadlines to disclose witnesses and exhibits. Defendants allege Plaintiffs have failed to conduct any discovery or to prosecute their case. *See* Defs.' Mot. Exclude Pls.' Evidence [Doc. No. 35] at 2 n.1; Mot. Summ. J. at 3 n.1. Plaintiffs have remained silent. Dismissal of Plaintiffs' case might be warranted under Fed. R. Civ. P. 41(b) and the Court's inherent authority. *See United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005). However, the Court elects to decide the case on the merits.

[2] Plaintiffs voluntarily dismissed Defendant Gregory Luster pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). *See* Notice [Doc. No. 6]. Judge Patrick R. Wyrick previously dismissed all other claims under Fed. R. Civ. P. 12(b)(6). *See* 9/8/20 Order [Doc. No. 22] at 26.

Plaintiffs Michael Terry and Julie Terry have failed to respond to the Motion within the deadline set by LCvR7.1(g) or in the manner required by Rule 56(c) or LCvR56.1. In the exercise of discretion under LCvR7.1(g), the Court deems the Motion confessed, and deems admitted under LCvR56.1(e) all material facts presented in support of the Motion. Under Rule 56, however, the Court has an independent duty in the absence of a response by the nonmoving party to determine that summary judgment is appropriate. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1200 (10th Cir. 2002); *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Applying this standard, the Court finds that the Motion should be granted.

It is undisputed that Plaintiff Michael Terry and Defendants entered into a written settlement agreement in September 2013. As part of the agreement, Four Horsemen Auto Group, Inc. "agree[d] to attempt to negotiate a resolution of any contractual dispute with Southampton, Ltd." *See* Mot., Ex. 2 [Doc. No. 36-2] ¶ 2.10. The agreement contained a non-disparagement clause by which the parties "agree[d] to refrain from making any derogatory or detrimental comments about or concerning the other Parties." *Id.* ¶ 2.11. After the agreement was made, Defendants through counsel engaged in discussions with Southampton, Ltd. to resolve their contractual disputes but were unsuccessful in reaching a resolution. *See* Salalati Aff. [Doc. No. 36-3] ¶¶ 5-6. In November 2014, nonparties to the settlement agreement – Chisholm Trail Auto Group, LLC and Chisholm Trail Auto Group II, LLC – submitted two proofs of loss for employee dishonesty coverage under

their policy with Harco National Insurance Company. Defendant Ely signed the proofs of loss in a representative capacity on behalf of the insured entities, as required by the insurer's form. *See* Defs.' Mot., Ex. 4 [Doc. No. 36-4] at 2, 4 (ECF page numbering).

To prevail on the breach of contract claim in Count 1, Plaintiffs must prove that "Defendants did not attempt to negotiate a resolution of any contractual disputes with Southampton, Ltd." as required by the settlement agreement. *See* Compl. [Doc. No. 1], ¶ 31. The facts show that Defendants attempted to negotiate a resolution of contractual disputes with Southampton, Ltd. and so performed their obligation under the agreement. Plaintiffs have not demonstrated any factual dispute on this issue. Therefore, Defendants are entitled to summary judgment on Plaintiffs' breach of contract claim in Count 1.

To prevail on the breach of contract claim in Count 2, Plaintiffs must prove that Defendant Ely violated the disparagement clause by making statements about them in the proofs of loss. *See* Compl. ¶ 37. The insured limited liability companies (LLCs) submitted proofs of loss that made statements about Plaintiffs, but Defendant Ely was acting on behalf of the LLCs when he signed the forms. Plaintiffs have come forward with no evidence or legal authority for holding Defendant Ely personally responsible for any disparaging statements the LLCs made about Plaintiffs.[3] Therefore, Defendant Ely is entitled to summary judgment on Plaintiffs' breach of contract claim against him.

---

[3] Plaintiffs' claims are governed by Oklahoma law, which holds: "Courts may disregard the corporate entity and hold stockholders personally liable for corporate obligations or corporate conduct under the legal doctrines of fraud, alter ego and when necessary to protect the rights of third persons and accomplish justice." *Fanning v. Brown*, 85 P.3d 841, 846 (Okla. 2004).

**Conclusion**

For these reasons, the Court finds that Defendants are entitled to summary judgment on all remaining claims asserted against them in the Complaint.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment [Doc. No. 36] is **GRANTED**. A separate judgment shall be entered in their favor.

**IT IS SO ORDERED** this 1st day of July, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge